UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASEN BERTRAM,<br><br>     Petitioner,<br><br> v.<br><br>JENNA COTTON,<br><br>     Respondent. | NO: 2:17-CV-352-RMP<br><br>ORDER DISMISSING PETITION |

By Order filed December 28, 2017, the Court directed Mr. Bertram to show cause why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). ECF No. 10. Petitioner, a prisoner at the Stafford Creek Corrections Center, is proceeding *pro se* and *in forma pauperis*. Respondent has not been served. Mr. Bertram has filed a timely response, ECF No. 12.

Mr. Bertram concedes that his deadline to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was August 30, 2017. ECF No. 12 at 2. The Washington State Supreme Court denied direct appellate review on June 1, 2016,

ORDER DISMISSING PETITION -- 1

and Petitioner did not seek *certiorari* in the U.S. Supreme Court.  ECF No. 11 at 2, 4.

To excuse his untimely petition, Mr. Bertram presents three arguments: (1) his court appointed appellate counsel did not present him with a copy of the Washington Supreme Court's order denying him review on direct appeal until August 30, 2016; (2) he diligently sought state court records to support his federal habeas claim, which he did not receive until February 23, 2017; and (3) his basis for habeas relief qualifies for the "miscarriage of justice" exception to the statute of limitations.  ECF No. 12 at 2, 4-5, 6.

As to his first argument, Mr. Bertram admits that he received the mandate issued by the Washington Supreme Court on July 8, 2016, ECF Nos. 11 at 25;12 at 3.  Thus, he had notice of the finality of his state court proceedings prior to August 30, 2016.

Mr. Bertram makes no assertion that he would have sought *certiorari* in the U.S. Supreme Court if he had received the notice from his court appointed attorney sooner.  The time for doing so expired on August 30, 2016.  *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).  The Court declines Mr. Bertram's invitation to accept the delayed receipt of the Washington Supreme Court's order, whether at the fault of the state court or his appointed attorney, as an equitable basis to toll the running of the federal limitations period.

Furthermore, there is no factual or legal basis for Mr. Bertram's contention that he had until November 28, 2017, to file his habeas petition, ECF No. 12 at 3. Therefore, the federal limitations period, having commenced on August 30, 2016, and expired on August 30, 2017, renders Mr. Bertram's federal habeas petition, received by this Court on October 10, 2017, untimely under 28 U.S.C. § 2244(d).

Next, Mr. Bertram argues that he was diligent in his efforts to obtain pre-trial records to support his habeas claim. ECF No. 12 at 3. The onset of the federal limitations period may be statutorily delayed until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The factual basis for Mr. Bertram's claim, however, is an allegedly erroneous jury instruction. Petitioner was aware of this fact when the instruction was given and his request for an alternative instruction was denied. Petitioner has presented no factual or legal support for a proposition that the possession of evidentiary support for a claim delays or tolls the running of the federal limitations period. Therefore, Petitioner has failed to show a statutory basis to delay the running of the federal limitations period under 28 U.S.C. § 2244(d)(1).

Petitioner admits that he was in possession of all state court records needed to prepare his federal habeas petition in February 2017. He presents no facts showing that any extraordinary circumstance prevented from timely filing his petition in the subsequent six months. *See Holland v. Florida,* 560 U.S. 631, 649

ORDER DISMISSING PETITION -- 3

(2010). Petitioner's assertion regarding the delay in receiving state court records will not toll the running of the federal limitations period.

Third and last, Mr. Bertram argues for application of the "miscarriage of justice" exception to the federal limitations period under *McQuiggin v. Perkins*, 569 U.S. 383 (2013). According to *McQuiggin,* a federal court may entertain an untimely first habeas petition that raises a convincing claim of actual innocence. *Id.* at 398.

To make a proper showing of actual innocence, a petitioner must establish his factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). A credible claim of actual innocence "requires [a] petitioner to support his allegation of constitutional error with new reliable evidence . . . ." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Examples of evidence that may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, and exculpatory scientific evidence*, see Schlup*, 513 U.S. at 324.

Here, Mr. Bertram has presented no new reliable evidence. Rather, his claim of innocence is conflated into his single habeas claim that an erroneous instruction was given to the jury. Rather than making a case for factual innocence, Mr. Bertram makes the legal argument that the jury would have acquitted him, or

1 found him guilty of a lesser offense, if the erroneous "Aggressor Instruction" had not been given. ECF No. 12 at 7

Mr. Bertram has not shown that he falls within the actual innocence exception. Therefore, the federal habeas petition received on October 10, 2017, is untimely.

Consequently, **IT IS ORDERED** that the petition, ECF No. 11, is **DISMISSED with prejudice** as it is precluded under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Petitioner at his last known address and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** February 7, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge